**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

KELLY NAVAS, on behalf of herself
and all others similarly situated,

    Plaintiff(s),

v.

LOBSTER BAR GRILLE, LLC,

    Defendant.

_____/

**COLLECTIVE ACTION COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, KELLY NAVAS ("Plaintiff") on behalf of herself and others similarly situated, files this Collective Action Complaint and Demand for Jury Trial against Defendant, LOBSTER BAR GRILLE, LLC ("Lobster Bar" or "Defendant"), for failure to pay federal minimum wages for certain hours worked to all Restaurant Servers (hereinafter "Restaurant Servers" or "class members") as specified herein, pursuant to 29 U.S.C. § 216(b), as follows:

**INTRODUCTION**

This is a Fair Labor Standards Act ("FLSA") collective action brought on behalf of Restaurant Servers who work or have worked at Lobster Bar in Fort Lauderdale, Florida. Defendant unlawfully deprived Plaintiff, and all others similarly situated, of applicable federal minimum wages during the course of their employment. This action has been filed to cure and correct certain minimum wage violations committed at Lobster Bar, on behalf of all Restaurant Servers who worked for Defendant within the last three (3) years. Defendant has violated the minimum wage requirements under federal law by paying all Restaurant Servers the "tip credit" wage for all hours worked during a shift, notwithstanding that Defendant required Restaurant

Servers to spend more than 20% of their shifts performing non-tipped duties and responsibilities. As a result, Plaintiff, and similarly situated Restaurant Servers have been denied federally mandated minimum wages in one or more workweeks during their employment. Moreover, Defendant enforced a company-wide policy that required Restaurant Servers to share their tips with supervisors in the restaurant and use a portion of their tips to launder their uniforms on a regular and recurrent basis. These company-wide policies became unlawful on March 23, 2018. Plaintiff and similarly situated Restaurant Servers are therefore entitled to recover the tip credit taken by Defendant and any and all tips that were retained by Defendant's supervisors.

## PARTIES

1. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

2. Plaintiff and the class members are/were Restaurant Servers who worked for Defendant within the last three (3) years in Fort Lauderdale, Florida.

3. Plaintiff worked as a Restaurant Server for Defendant from approximately 2016 until January 2020.

4. The proposed class members worked for Defendant in the same/identical capacity as Plaintiff in that they were Restaurant Servers for Defendant during the relevant time period and shared the same duties and responsibilities and were subject to the same pay policies.

5. Plaintiff and the proposed class members were subjected to similar violations of federal law. Plaintiff seeks certification under 29 U.S.C. § 216(b) of three classes of Restaurant Servers. The first proposed class is the following:

> **All Restaurant Servers who worked for Lobster Bar in Fort Lauderdale, Florida, during the three (3) years preceding this lawsuit who were required to spend more than 20% of their**

**shifts performing "non-tipped" incidental duties and did not receive the full applicable minimum wage for this work.**

6. Plaintiff also seeks certification under 29 U.S.C. § 216(b) of the following class:

**All Restaurant Servers who worked for Lobster Bar in Fort Lauderdale, Florida, during the three (3) years preceding this lawsuit who, after March 23, 2018, were required to share a portion of their tips with supervisors.**

7. Plaintiff further seeks certification under 29 U.S.C. § 216(b) of the following class:

**All Restaurant Servers who worked for Lobster Bar in Fort Lauderdale, Florida, during the three (3) years preceding this lawsuit who, after March 23, 2018, were required to spend money out of their own pocket dry cleaning their work uniforms.**

8. The precise size and identity of each class above should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendant; however, Plaintiff estimates that the total number of class members could exceed 100 Restaurant Servers.[1]

9. During all times material hereto, Defendant, LOBSTER BAR GRILLE, LLC, was a Florida limited liability company operating and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

10. On information and belief, Defendant, LOBSTER BAR GRILLE, LLC, controls and directs the operations of Lobster Bar located at 450 East Las Olas Blvd. in Fort Lauderdale, Florida.

---

[1] On information and belief, Defendant employs an average of roughly 40-50 Restaurant Servers or at any given time for a total of approximately 100 Restaurant Servers over the past three years. On information and belief, given the turnover rate of employees in the restaurant industry, it is entirely reasonable to infer that Defendant has employed at least 30-40 servers annually at each location in each of the past three (3) years prior to the filing of this lawsuit.

11. According to its website, Lobster Bar provides its patrons "pristine seafood, live lobsters and prime steaks in a fresh, upscale and casual atmosphere." *See* www.buckheadrestaurants.com/restaurant/lobster-bar-sea-grille/ (last visited Feb. 17, 2021).

12. A true and accurate photo of the outside of Lobster Bar is below:



13. A true and accurate photo of the inside of Lobster Bar is below:



14. Defendant was Plaintiff's employer during all times pertinent to the allegations herein.

15. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, scheduling, day-to-day operations, and pay practices of the restaurant during the relevant time period.

## JURISDICTION AND VENUE

16. This action is brought under 29 U.S.C. § 216(b) to recover damages from Defendant, injunctive relief, and reasonable attorney's fees and costs.

17. A substantial amount of the acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

18. Defendants regularly transact business in Broward County, Florida, and jurisdiction is therefore proper.

19. Venue is also proper within Broward County, Florida.

## FLSA COVERAGE

20. Defendant is an enterprise covered by the FLSA by virtue of the fact that it is an enterprise engaged in commerce or in the production of goods for commerce, in that Defendant had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21. Defendant's employees handled goods such as napkins, polish, silverware, appliances, fish, lobster, salad, glassware, flatware, food items, restaurant equipment, chairs, tables, vacuum cleaners, and other materials that had previously travelled through commerce.

22. At all material times (during the last three years), Defendant had an annual gross revenue in excess of $500,000.00 in 2018, 2019, 2020 and is expected to gross in excess of $500,000.00 in 2021.

5

## GENERAL ALLEGATIONS

23. Lobster Bar offers a luxury dining experience to patrons in downtown Fort Lauderdale on historic Las Olas Boulevard.

24. Lobster Bar employs Restaurant Servers who provide high quality customer service to dining patrons in the restaurant. Defendant requires its Restaurant Servers to wear a uniform consisting of freshly dry-cleaned and starched white button-down dress shirts, white formal vests and ties, laundered dress pants, and non-slip patent leather shoes.

25. Defendant hired Plaintiff to work as a Restaurant Server in approximately 2016.

26. Plaintiff and other Restaurant servers employed at Lobster Bar are non-exempt hourly employees under the Fair Labor Standards Act ("FLSA").

27. Enforcement of the uniform and image standards and policies resulted in federal minimum wage violations in one or more workweeks during the relevant time period.

## DEFENDANT REQUIRES RESTAURANT SERVERS TO SPEND IN EXCESS OF 20% OF THEIR SHIFT PERFORMING NON-TIPPED DUTIES AND TASKS

28. During the relevant time period, Defendant paid Plaintiff and the Restaurant Servers the relevant Florida tipped minimum wage (instead of the full state minimum wage). In doing so, the Defendant attempted to take the tip credit that is provided under the FLSA.

29. During the relevant time period, Defendant did not begin serving dinner to the public until 5:30 p.m.

30. After successfully completing the training period, Plaintiff and all other similarly situated individuals at Lobster Bar would typically be scheduled to work shifts that start between 3:30 p.m. and 4:00 p.m. and lasted on average until 10:00 p.m. in the evening. However, depending on the day, on multiple occasions, Restaurant Servers were required to stay and work much later.

31. Throughout Plaintiff's employment, Defendant would instruct Plaintiff and all others similarly situated at Lobster Bar to spend approximately one (1) hour preparing their seating section which included polishing silverware, polishing glassware, setting tables with fresh linen and napkins, and attending to other duties and responsibilities to ensure a luxury dining experience for customers.

32. Plaintiff and similarly situated individuals were instructed to clock-in to receive the "tipped wage" during this time.

33. During their work shifts, Plaintiff and similarly situated individuals were required to spend an additional twenty (20) to thirty (30) minutes at the beginning of their shift attending a pre-shift meeting with managers and supervisors including the Maitre D'. Attendance at this meeting was not tip-producing work.

34. At the conclusion of a shift, Plaintiff and similarly situated individuals spent a minimum of another thirty (30) to forty-five (45) minutes cleaning up their assigned section. Likewise, these duties and responsibilities were not tip-producing work.

35. When considering the one (1) hour preparation time and the thirty (30) minute pre-shift meeting along with the additional thirty (30) to forty-five (45) minutes of side and closing work assigned, during a six (6) hour shift, Plaintiff and the class members were regularly required to spend *more than* 20% of the shift performing the aforementioned "not-tipped" duties and responsibilities.

36. After successfully completing her training period, in 2016 Plaintiff was paid $5.03 for every single hour she worked during her Restaurant Server shifts.

37. Based upon the aforementioned calculations, more than 1.5 hours out of a 6-hour shift were spent performing "non-tipped" incidental duties.

38. Accordingly, more than 25% of Plaintiff and the class member's shifts were spent performing "non-tipped" duties and responsibilities.

39. As a result, Plaintiff and the class members are entitled to receive the full federal minimum wage for the time spent each shift performing "non-tipped" incidental duties, as opposed to the reduced "wage credit" they received when performing these incidental duties.

40. Plaintiff and the class members worked without being paid the full minimum wage for hours worked.

41. The work performed by Plaintiff and the class members was an integral part of the business for Defendant.

42. Defendant violated the Fair Labor Standards Act ("FLSA") by not paying Plaintiff and the putative class members, at least federal minimum wage for all hours worked.

43. Plaintiff and the class members are entitled to receive at least federal minimum wage for each hour spent performing "non-tipped" incidental work.

44. The additional persons who may become Plaintiffs in this action are Restaurant Servers similarly situated to Plaintiff and who suffered from the same pay practices of not being properly paid at least federal minimum wage for each hour worked.

45. Upon information and belief, the records, to the extent any exist, concerning the number of hours and amounts paid to Plaintiff and class members are in the possession and custody of Defendant.

46. Plaintiff has complied with pre-suit notice, and all other conditions precedent to this action have been performed or waived.

## **CLASS ALLEGATIONS**

47. Class members are treated equally and similarly by Defendant, in that they were denied full and proper federal minimum wage for the "non-tipped" work they performed.

48. Defendant employed hundreds of Restaurant Servers at Lobster Bar who were not paid federal minimum wage for the "non-tipped" work within the past three (3) years.

49. Defendant employed hundreds of employees at Lobster Bar who were subsequently paid the tipped wage for all hours worked.

50. Class members are also treated equally and similarly by Defendant, in that after March 23, 2018, they were required to share a portion of their tips earned on their shift with individuals who supervised their work.

51. Class members are also treated equally and similarly by Defendant, in that they were required to regularly pay for dry cleaning services performed on their work uniforms and were not reimbursed these costs. As a result, class members were required to use the wages they earned to pay for these costs which conferred a benefit to their employer.

52. Plaintiff and the class members were subject to the same policies.

53. Plaintiff and the class members at Lobster Bar performed the same job duties, as Restaurant Servers, and were paid in an identical manner by Defendant.

54. Plaintiff and the class members were not paid proper federal minimum wage for the hours worked.

55. Defendant failed to keep accurate time and pay records for Plaintiff and all class members to designate how much time was spent performing "non-tipped" work.

56. Defendant was aware of the requirements of the FLSA, and the pertinent regulations thereto, yet acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

57. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

### COUNT I – FEDERAL MINIMUM WAGE VIOLATIONS – 29 U.S.C. § 206
**Arising from Performance of Non-Tipped Duties by Restaurant Servers**

58. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

59. Plaintiff and all others similarly situated are/were entitled to be paid full federal minimum wage for certain hours worked during their employment with Defendant.

60. Throughout Plaintiff's employment, Defendant required Plaintiff and all others similarly situated to work six (6) hour shifts and to spend at least thirty (30) minutes attending a pre-shift meeting, one (1) hour setting up and preparing their sections in the restaurant and bar, and an additional thirty (30) to forty-five (45) minutes closing their section. This preparation and closing work included polishing silverware, polishing glassware, setting tables, setting chairs, and other activities that are considered "non-tipped" duties and responsibilities that are merely incidental to the Restaurant Server's primary duties.

61. During a six (6) hour shift, Plaintiff and the class members were regularly required to spend *more than* 20% of the shift performing the aforementioned "not-tipped" duties and responsibilities.

62. After successfully completing her training period, in 2016 Plaintiff was paid $5.03 for every single hour she worked during her shifts as a Restaurant Server. Defendants took a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff during her employment in 2016, 2017, 2018, 2019, and 2020.

63. In 2018, Plaintiff was paid $5.23 for every single hour she worked during her shifts. Defendant took a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff.

64. In 2019, Plaintiff was paid $5.44 for every single hour she worked during her shifts. Defendant took a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff.

65. In 2020, Plaintiff was paid $5.54 for every single hour she worked during her shifts. Defendant took a tip credit in the amount of $3.02 per hour based on the tips received by Plaintiff.

66. Based upon the aforementioned calculations, more than 1.5 hours out of the 6-hour shift were spent performing "non-tipped" incidental duties.

67. Accordingly, over 25% of Plaintiff and the class member's shifts was spent performing "non-tipped" duties and responsibilities.

68. As a result, Plaintiff and the class members are entitled to receive the full federal minimum wage for the hours spent each shift performing "non-tipped" incidental duties, as opposed to the reduced "wage credit" they received when performing these incidental duties.

69. Defendant willfully failed to pay Plaintiff and the class members the full minimum wage for one or more weeks of work contrary to the FLSA.

70. As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff and the class members have been damaged in the loss of minimum wages for one or more weeks of work during the employment with Defendant.

71. Defendant's willful and/or intentional violations of entitle Plaintiff and the class members to an additional amount of liquidated, or double, damages.

72. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, KELLY NAVAS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, LOBSTER BAR GRILLE, LLC, and award Plaintiff: (a) unliquidated minimum wages to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

### COUNT II – UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 203
**Arising from Illegal Kickbacks Related to the Uniform Policy**

73. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

74. Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendant.

75. Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[2]

76. During the relevant time period, Defendant enforced a restaurant-wide policy that required Plaintiff and similarly situated Restaurant Servers to use the wages they received to provide unlawful kickbacks through laundering their required uniforms. The laundering of these uniforms was for the employer's benefit.

---

[2] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) to add the following language: "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

77. This policy that was enforced by Defendant became unlawful effective March 23, 2018. Defendant nevertheless continued to enforce this policy, and on information and belief, still enforces this unlawful policy to this day.

78. Accordingly, the wages received by Plaintiff and similarly situated individuals were not finally and unconditionally "free and clear."

79. Plaintiff and similarly situated Restaurant Servers are entitled to recover the tips that they were required to use for the employer's benefit from March 23, 2018, through the present.

WHEREFORE, Plaintiff, KELLY NAVAS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, LOBSTER BAR GRILLE, LLC, and award Plaintiff: (a) recovery of tips to be paid by the Defendant; (b) an equal amount of liquidated damages to be paid by the Defendant; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

### COUNT III – UNLAWFUL TAKING OF TIPS – 29 U.S.C. § 203
**Arising from Supervisor's Retention of Server's Tips**

80. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 57 as though set forth fully herein.

81. Plaintiff and all other similarly situated individuals customarily received tips as part of their compensation during their employment with Defendant.

82. Pursuant to 29 U.S.C. § 203(m)(2)(B), "an employer may not keep tips received by its employees for any purposes, including allowing managers or **supervisors** to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."[3]

---

[3] On March 23, 2018, Congress passed the Consolidated Appropriations Act of 2018 (CAA), which amended Section 203(m) to add the following language: "An employer may not keep tips received

83. During the relevant time period, Defendant enforced a restaurant-wide policy that required Plaintiff and similarly situated Restaurant Servers to allow supervisors to keep a portion of the tips Restaurant Servers earned.

84. This policy that was enforced by Defendant became unlawful effective March 23, 2018. Defendant nevertheless continued to enforce this policy, and on information and belief, still enforces this unlawful policy to this day.

85. Plaintiff and similarly situated Restaurant Servers are entitled to recover the tip credit **and** the sum of all tips that they were required to share with supervisors from March 23, 2018, through the present.

WHEREFORE, Plaintiff, KELLY NAVAS, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, LOBSTER BAR GRILLE, LLC, and award Plaintiff: (a) recovery of the tip credit paid to her from March 23, 2018, through the present to be paid by Defendant; (b) recovery of all tips earned by Plaintiff that were apportioned to supervisors to be paid by Defendant; (c) an equal amount of liquidated damages to be paid by the Defendant; (d) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deems just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, KELLY NAVAS, requests and demands a trial by jury on all appropriate claims.

**Dated this 2nd day of March 2021.**

---

by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." The CAA also amended another FLSA provision – Section 216(b) – to state that "[a]ny employer who violates section 203(m)(2)(B) of this title shall be liable to the employee or employees affected in the amount of the sum of any tip credit taken by the employer and all such tips unlawfully kept by the employer, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
*Jordan@jordanrichardspllc.com*
*Melissa@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 2, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: