UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-60480-STRAUSS

**KELLY NAVAS,** *et al.***,**

    Plaintiffs,

v.

**LOBSTER BAR GRILLE, LLC,**

    Defendant.
_____/

## ORDER APPROVING SETTLEMENT AND DISMISSING CASE

**THIS MATTER** came before the Court for a fairness hearing on June 14, 2021. *See* [DE 38]. On March 2, 2021, Plaintiff, Kelly Navas ("Navas"), filed the Collective Action Complaint for Damages [DE 1] against Defendant, thereby commencing this Fair Labor Standards Act ("FLSA") action. On March 11, 2021, she filed a First Amended Class/Collective Action Complaint for Damages ("Amended Complaint") [DE 5]. Since the filing of the Amended Complaint, four additional Plaintiffs, Thomas James Kahoe, Jr., Frank Valenti, Daniel Walters III, and Dale Burton (collectively, with Navas, "Plaintiffs"), have joined in this action. *See* [DE 8, 9, 10, 13, 32]. The Amended Complaint includes the following claims:

    Count I – Federal Minimum Wage Violations (Arising from Performance of Non-Tipped Duties by Restaurants Servers);

    Count II – Unlawful Taking of Tips (Arising from Illegal Kickbacks Related to the Uniform Policy);

    Count III – Unlawful Taking of Tips (Arising from Supervisors' Retention of Servers' Tips);

    Count IV – Rule 23 Class Action for Florida Minimum Wage Violations (Defendant's Failure to Reimburse Uniform Expenses to Restaurant Servers at Lobster Bar in the Past Five (5) Years); and

      Count V – Rule 23 Class Action for Florida Minimum Wage Violations (Arising from the Performance of Non-Tipped Duties by Restaurant Servers at Lobster Bar).

According to the Statement of Claim [DE 15], the bulk of Plaintiffs' alleged FLSA damages pertain to the claims alleged in Counts I and III of the Amended Complaint.  A much smaller portion pertains to Count II.  On April 22, 2021, the Court entered its Scheduling Order [DE 17], which provided the parties with approximately 90 days to complete discovery.  Therefore, the parties quickly proceeded with discovery including multiple depositions, the majority of which were noticed by Defendant.  Unfortunately for Plaintiffs, both sides agree that the depositions and discovery called into question Plaintiffs' likelihood of success on at least certain of their claims.  From both counsels' perspective, the only claim with a substantial likelihood of success (after the depositions were taken) was the claim alleged in Count II, which as stated above, involved the lowest amount of damages.  From defense counsel's perspective, Plaintiffs' best day in court – on Count II, which he viewed as the only potential source of exposure for Defendant – would have been a low four-figure sum per Plaintiff.  But as Plaintiffs' counsel acknowledged, the deposition testimony and discovery even revealed some possible evidentiary issues related to Count II.  Moreover, with respect to Count III, the testimony adduced at the depositions effectively eliminated the likelihood of success on the claim alleged therein – in both counsels' eyes.

Consequently, the parties engaged in settlement discussions and reached a resolution pursuant to which each Plaintiff agreed to accept a low four-figure sum.  The parties announced at the fairness hearing that they separately negotiated the amount of attorneys' fees and costs Plaintiffs' counsel would receive only after agreeing upon the amount Plaintiffs would receive.  After the parties notified the Court that they reached a settlement [DE 31, 33], the Court scheduled a fairness hearing for June 14, 2021 [DE 35].  In the interim, on June 7, 2021, the parties submitted their Confidential Settlement Agreement and General Release ("Agreement") to the Court for

review. Under the limited circumstances of this case, and given that the fairness hearing was open to the public and scheduled more than 2 weeks in advance, the Court finds that the Agreement does not need to be filed on the docket.

The Court also finds that the Agreement represents a fair and reasonable resolution under the circumstances. Because this is an FLSA action, the Court must scrutinize the parties' settlement for fairness and ensure that the settlement constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982). In making this determination, courts often consider the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *E.g.*, *Losa v. Inter-Rail Transp. of Miami, LLC*, No. 1:19-CV-23679-KMM, 2020 WL 7426741, at *1 (S.D. Fla. Apr. 10, 2020) (citations omitted). Additionally, the Court must consider the reasonableness of Plaintiffs' counsel's fees. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

Here, the aforementioned factors weigh in favor of approval. The Court does not find any collusion. The expenses and likely duration of the case also justify settlement. Moreover, the parties have completed extensive discovery, which has focused the issues and guided the parties towards settlement. As to Plaintiffs' probability of success, although initially believed to be greater, the parties agree that such probability has decreased for at least certain claims in light of the discovery that has been undertaken. Furthermore, the amount Plaintiffs are receiving under the Agreement is now within the range of possible recovery in light of the testimony adduced at

recent depositions and the other discovery conducted in this case. The final factor also supports approval as both counsel have opined that the settlement is reasonable under the circumstances.

I also find the amount of attorneys' fees and costs Plaintiffs' counsel is receiving under the Agreement to be reasonable under the circumstances. At first blush, the amount of attorneys' fees is grossly disproportionate to the amount Plaintiffs are receiving. Ordinarily, the Court would not approve such disproportionate fees. However, the totality of the circumstances warrant approval here. First, as indicated above, the parties negotiated the amount of attorneys' fees and costs only after resolving the amounts due to Plaintiffs. Second, Defendant's counsel opined at the fairness hearing that the attorneys' fees and costs incurred by Plaintiffs' counsel are reasonable under the circumstances of this case. Third, both parties agreed that this case involved certain novel FLSA issues. Fourth, the parties were required to quickly proceed with discovery and depositions in light of the discovery deadline, and most of the depositions that occurred were noticed by Defendant. Fifth, Plaintiffs' counsel's fees have been voluntarily discounted by approximately 50%. Finally, I have reviewed Plaintiffs' counsel's billing records and find that the amount sought by counsel is reasonable. Specifically, after reviewing the Agreement and becoming concerned about the lack of proportionality between the amount Plaintiffs and counsel were receiving, I ordered Plaintiffs' counsel to file counsel's billing records. [DE 36]. Those billing records [DE 37] were filed prior to the fairness hearing. The hourly rates of both attorneys are reasonable. With respect to the hours incurred, the billing records include some hours that are excessive, duplicative, and/or otherwise unreasonable, but even discounting those hours, the lodestar figure would still exceed the reduced amount of attorneys' fees that Plaintiffs' counsel has agreed to accept. Therefore, the amount of attorneys' fees and costs being paid to counsel under the Agreement is reasonable.

For the foregoing reasons, and with the Court being otherwise fully advised in the premises, it is **ORDERED and ADJUDGED** that:

1. The Agreement is **APPROVED**.

2. This case is **DISMISSED with prejudice**. However, the Court reserves jurisdiction for 30 days from the date of this Order to enforce the Agreement.

3. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 14th day of June 2021.

Jared M. Strauss
United States Magistrate Judge